UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


226 EAST PARKDALE AVENUE
HOLDINGS, LLC,

        Plaintiff,                                 Hon. Janet T. Neff

v.                                                     Case No. 1:10-cv-01212

LANDMARK VENTURE PROPERTIES,
LLC, et al.,

        Defendants.
_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Emergency Motion for Entry of Stipulated Order Appointing Receiver (Dkt. 5), for which an expedited hearing was requested. The motion was referred to the undersigned by the Honorable Janet T. Neff. For the reasons stated herein, the undersigned recommends that the motion be granted.

Rule 66 of the Federal Rules of Civil Procedure contemplates the appointment of a receiver in certain situations. This matter relates to an earlier filed case which was dismissed without prejudice, Case No. 1:09-cv-00476, 226 East Parkdale Avenue Holdings, LLC v. Landmark Venture Properties, LLC, Big River Inn, Inc., Stevens P. Loomis, and Harry Kolk. *See* Dkt. 37. Defendants in this earlier filed case were represented by James Schipper of Rhoades McKee, PC. There is a partial but not complete identity of defendants between the current case and the earlier filed case. Landmark Venture Properties, LLC ("Landmark"), Big River Inn, Inc.

("Big River"), and Harry Kolk.were included in the earlier case, but Karen Kolk, Richard Kolk, and Jessica Kolk were not. Stevens P. Loomis was named in the earlier case but not the pending case. However, for purposes of the relief requested, the undersigned concludes that the lack of perfect identity is not relevant to the issue currently before the Court.

This matter relates to underlying financing for Landmark Venture Properties, LLC and Big River Inn, Inc. which until on or about November 15, 2010 was operated as a Microtel Inn franchise in Manistee, Michigan. *See* Plaintiff's Supplemental Brief in Support of Emergency Motion, Dkt. 15, Exhibit C. Plaintiff is the assignee of the loan and loan documents on the original commercial mortgage loan agreement dated on or about October 13, 2005. *See* Complaint, ¶13, 24-27.

A hearing on the motion was held on December 21, 2010. Landmark and Big River were not represented; however, Richard Kolk appeared and represented himself. He opposed the motion for order appointing receiver, stating that substantial payments had been made on the underlying loan and implying that Defendants were not in default. A continuance of the hearing was granted until January 6, 2011, and it was explained to Defendant Richard Kolk that he could represent himself but could not represent any of the other defendants. It was further explained that the corporate defendants required representation by an attorney. The Plaintiff was ordered to address documentary materials introduced by Richard Kolk which, according to Mr. Kolk, purported to show that the debtor was not in default.

At the January 6, 2011 hearing, Defendants Richard Kolk and Harry Kolk appeared on behalf of themselves; however, Karen Kolk and Jessica Kolk did not appear. Landmark and Big River were not represented by an attorney at the hearing.

On January 4, 2011, Plaintiff submitted a supplemental brief in support of the motion for entry of stipulated order appointing receiver (Dkt. 15), including an affidavit of David H. Smith, Senior Vice President of CWCapital Asset Management, LLC, as authorized representative for the Plaintiff with an attachment demonstrating that circumstances triggering the Stipulated Order Appointing Receiver had occurred. *See* Dkt. 35, Case 1:09-cv-00476.

In order to resolve the claims pending in the earlier suit, the parties entered into a Settlement Agreement dated October 27, 2009, attached to the Complaint in this suit as Exhibit S. In connection with the Settlement Agreement, certain documents were executed including but not limited to the following: Amendment to Loan Documents dated October 27, 2009 and executed by Landmark, Harry Kolk, Richard Kolk, Jessica Kolk and Plaintiff (*See* Complaint, Exhibit T); Amendment to Fixed Rate Note executed by Landmark and Plaintiff (*Id.,* Exhibit B); Limited Recourse Obligations Guaranty dated October 27, 2009 and executed by Richard Kolk and Jessica Kolk (*Id.,* Exhibit U); a Deficiency Note in the original principal amount of $70,077.15, executed by Harry Kolk, Karen Kolk, Richard Kolk, and Jessica Kolk (*Id.,* Exhibit V); a Stipulated Order of Dismissal Without Prejudice, which was entered by the Court in the original suit on December 9, 2009 (*Id.,* Exhibit W); and a Stipulated Order Appointing Receiver, which was to be held by Plaintiff's counsel in escrow pursuant to the terms of the Settlement Agreement (*Id.,* Exhibit X).

According to the affidavit of David H. Smith (Dkt. 15, Exhibit B), Landmark defaulted on its note with Plaintiff by failure to make payments due on the note from June 11, 2010 to the present, and by allowing the Microtel Inn and Suites License Agreement dated September 29,

1999, as amended, to be terminated without securing a replacement license or franchise agreement.

In its prior Complaint, Plaintiff stated that Landmark had previously defaulted on its obligations under the loan and loan documents by, among other default, failing to make payments required by terms of the loan documents from and after November 10, 2008. Plaintiff filed the Complaint on May 26, 2009, seeking to enforce its rights under the Note, Mortgage, Guaranty, and other loan documents. Plaintiff additionally filed a Motion to Appoint a Receiver over the real property securing the Mortgage as collateral. After the Court granted Plaintiff's Motion, the parties to the earlier lawsuit entered a Stipulated Order Appointing Receiver.

As the Parties were in the midst of finalizing settlement discussions, the parties agreed that the Stipulated Order Appointing Receiver would not take effect until October 29, 2009. As of October 27, 2009, the parties entered into the Settlement Agreement. In part, the Settlement Agreement modified Defendants' obligations under the Loan Documents (*See* Complaint, Exhibit S, Article 3) so that they could avoid foreclosure and continue ownership and operation of the property pledged as collateral for the loan. Landmark has subsequently defaulted on the terms of the Loan, Loan Documents as amended by the Settlement Agreement, and the Settlement Agreement itself (Dkt. 5, Exhibit 3, ¶10). These defaults include, but allegedly are not limited to, Landmark's Failure to make payments due on the loan from June 11, 2010 to the present and it allowing the termination of the Microtel Inn and Suites License Agreement dated September 29, 1999, as amended, due to Landmark's default (and failure to cure such default) by failing to meet Landmark's financial obligations under the License Agreement (Dkt. 5, Exhibit 3, ¶10 and Exhibit Y to the Complaint). These defaults constitute Material Defaults as that term is defined

in Article 9.1 of the Settlement Agreement, specifically, violation of subsections (d) "Failure to Comply with Payment Obligations" and (f) "Event of Default Under Loan Documents." *See* Complaint, Exhibit S.

For these reasons, it appears that the Plaintiff is entitled to the relief requested in its motion. The undersigned recommends that the Emergency Motion for Entry of Stipulated Order Appointing Receiver (Dkt. 5) be granted, and that the Stipulated Order Appointing Receiver (Dkt. 35, Case 1:09-cv-00476) be entered as a docket entry in this matter.

Respectfully submitted,

Date: January 12, 2011        /s/ Ellen S. Carmody
                              ELLEN S. CARMODY
                              United States Magistrate Judge


OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).