UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

226 EAST PARKDALE AVENUE
HOLDINGS, LLC,

    Plaintiff,

v

LANDMARK VENTURE
PROPERTIES, LLC et al.,

    Defendants.
_____/

Case No. 1:10-cv-1212

HON. JANET T. NEFF

**OPINION AND ORDER**

Plaintiff filed this action against defendants Landmark Venture Properties, LLC, Big River Inn, Inc., and four individual defendants to recover losses stemming from Landmark's default on a commercial mortgage loan for a former Microtel Inn and Suites in Manistee, Michigan. Plaintiff filed an Emergency Motion for Entry of Stipulated Order Appointing Receiver (Dkt. 5), which was referred to the Magistrate Judge. This matter is now before the Court on Defendant Harry Kolk's Objection (Dkt 30) to the Magistrate Judge's Report and Recommendation (Dkt 22), recommending that Plaintiff's Emergency Motion be granted, and that a Stipulated Order Appointing Receiver (Dkt 35, Case 1:09-cv-00476) be entered as a docket entry in this matter. Plaintiff has filed a Motion to Strike Kolk's Objection (Dkt 31), and alternatively, contests Kolk's Objection as without merit. For the reasons that follow, the Court agrees that Kolk's Objection is an improper challenge, and therefore, the motion to strike is granted. Even were the Court to consider Kolk's Objection, the

Court finds it without basis, and therefore properly denied as to the merits. *See* 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3).

First, plaintiff correctly points out that on January 25, 2011, a default was entered in this case as to each of the six defendants for failure to plead or otherwise defend this case (Dkt 29). The entry of default circumscribes defendants' ability to defend this lawsuit. Once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint, except those relating to the amount of damages. *Walker v. Brooke Corp.,* No. 2:08-cv-14574, 2010 WL 1257341, at *2 (E.D. Mich. 2010); *Ford Motor Co. v. Cross,* 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). Thus, to the extent defendant Kolk's objection attempts to contest the complaint's well-pleaded allegations, it is an improper challenge given the entry of default, and therefore properly stricken.

Second, to the extent defendant Kolk objects on behalf of the corporate defendants, his objection is also improper. "The rule of this circuit is that a corporation cannot appear in federal court except through an attorney." *Doherty v. Am. Motors Corp.,* 728 F.2d 334, 340 (6th Cir. 1984); *see also Rowland v. California Men's Colony,* 506 U.S. 194, 201-02 (1993). Plaintiff represents that the proposed receivership impacts only the rights of Landmark and Big River (Pl. Mot ¶ 11). Thus, Kolk's Objection is properly striken on this ground.

As noted at the outset, even if the Court were to consider Kolk's objection, it fails on the merits. It is difficult to discern the specific nature of Kolk's objection, which is presented as three disjointed remarks pertaining to the accounting statements for Landmark's loans, along with some attachments. Kolk appears to contest the accuracy of the statements and cites certain payments made, none of which apparently is related to the default at issue. Even if the statements contain

inaccuracies or did not reflect all payments, the default at issue also stems from Landmark's failure to honor its obligations with respect to the Microtel franchise, which in and of itself is sufficient to justify the entry of the Stipulated Order Appointing Receiver. Kolk's Objection is without merit.

Accordingly, the Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that the Motion to Strike Kolk's Objection (Dkt 31) is GRANTED, and the Report and Recommendation (Dkt 22) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion for Entry of Stipulated Order Appointing Receiver (Dkt 5) is GRANTED, and the Stipulated Order Appointing Receiver (Dkt 35, Case 1:09-cv-00476) shall be entered as a docket entry in this matter.


Dated: March  2 , 2011         /s/ Janet T. Neff
                               JANET T. NEFF
                               United States District Judge